FILED
SUPERIOR COURT
OF GUAM

2014 JAN 23 PM 3: 31

CLERK OF COURT

BY:_____

**IN THE SUPERIOR COURT
OF GUAM**

THE PEOPLE OF GUAM,      )      Criminal Case No.: CF0584-13
      )
      )
      )
v.      )      **DECISION AND ORDER**
      )
      )
MARK ANTHONY BRYAN,      )
      )
      )
Defendant.      )
      )
_____)

## INTRODUCTION

This matter came before the Honorable Judge Michael J. Bordallo on December 31, 2013. The People were represented by Assistant Attorney General Jesse N. Nasis. The Defendant was represented by Alternate Public Defender Eric R. Overton. After considering the matter presented, the Court issues the following decision and order DENYING Defendant's motions to dismiss and request for a bill of particulars.

## BACKGROUND

On November 8, 2013, the Defendant was indicted upon the following charges: 1) Burglary, as a 2nd Degree Felony; 2) Theft of Property, as a Misdemeanor; 3) Assault on a Peace Officer, as a 3rd Degree Felony; 4) two counts of Child Abuse, as a 3rd Degree Felony. On December 27, 2013, Defendant filed two motions. They were entitled, Motion for a Bill of Particulars and to Dismiss and Motion to Dismiss. In his motion to dismiss Defendant asserts that there was insufficient evidence to indict him. In support of this assertion he argues that the testimony presented to the Grand Jury was insufficient to show reasonable cause to believe that he entered into the property of Ms. De Vera.

In his motion for a bill of particulars and to dismiss Defendant asserts that the first charge fails to specify how Defendant entered the victim's vehicle. He also asserts that it fails to specify how the alleged acts knowingly subjected the child to cruel mistreatment and caused the child's emotional health to be endangered. In support of these assertions Defendant cites Section 55.30 of Title 8 of the Guam Code and to several U.S. Federal 9th Circuit cases. The 9th Circuit cases explain that indictments should allow the Defendant to be made aware of the theory of the government's case as well as the essential facts.

The People filed their opposition to Defendant's request for a bill of particulars and to dismiss on December 27, 2013. In its opposition they argue that an indictment is sufficient when it states the elements of each of the charged offenses with sufficient clarity. The People assert that the instant indictment satisfies this standard. They further assert and argue that Defendant's motion for a bill of particulars is a veiled discovery request. They request that the Court exercise its statutory discretion and deny the motion; the People having already provided the Government with the entirety of their discovery materials. The People did not file a paper in opposition to the Defendant's motion to dismiss challenging the sufficiency of evidence presented to the grand jury.

On January 9, 2014, Defendant filed his reply. In it he re-asserts his argument that in addition to the identification of the essential elements of a crime an indictment must also include some essential facts. He asserts that the indictment fails to contain any fact that might constitute the offense of burglary. Absent some identifying and specific facts the Defendant reasons he might be subject to multiple indictments of the same event.

DISCUSSION

I.

In November of this year the Guam Supreme Court explained that an "indictment serves two essential purposes: it affirms that the grand jury found probable cause for the charges in the indictment, and it gives the defendant notice of the charges." *Guam v. San Nicolas*, 2013 Guam 21 ¶ 12. Pertinent to a discussion of the sufficiency of an indictment are Sections 50.54 and 55.10(a) of Title 8 the Guam Code Annotated. Section 50.54 provides,

> (a) An indictment is an accusation in writing presented by the grand jury to a competent court, charging a person with a felony or a felony and a related misdemeanor.
> (b) The grand jury shall find an indictment when from the evidence presented, there is reasonable cause to believe that an indictable offense has been committed and that the defendant committed it.

8 Guam Code Ann. § 50.42. (2008).

Section 55.10(a) provides,

> (a) The indictment or the information shall be a plain, concise and definite written statement of the essential facts constituting the offense charged and shall be signed by the prosecuting attorney. It need not contain a formal commencement, a formal conclusion or any other matter not necessary to such statement. Allegations made in one count may be incorporated by reference in another count. It may be alleged in a single count that the means by which the defendant committed the offense are unknown or that he committed it by one or more specified means.

8 Guam Code Ann. § 55.10(a) (2008).

The 9th Circuit Court of Appeals has held, "that the failure of an indictment to detail each element of the charged offense generally constitutes a fatal defect." *U.S. v. Keith*, 605 F.2d 462 (9th Cir.1979). In 2006 the Guam Supreme Court explained that an indictment is sufficient where, "it contains the elements of the crime alleged, adequately informs the defendant of the crime to allow him to defend against the charges, and is stated with

sufficient clarity to bar subsequent prosecution for the same offense." *Guam v. Jones*, 2006 Guam 13, ¶ 3. When analyzing sufficiency "[i]t is also well established that an indictment should be read in its entirety, construed according to common sense, and interpreted to include facts which are necessarily implied." *Id.*

In this case Count One of the People's indictment asserts,

> On or about the 28th day of October 2013, in Guam, MARK ANTHONY BRYAN did commit the offense of Burglary, in that he did enter the motor vehicle of Eva E. De Vera, with the intent to commit the crime of theft, therein at a time when the premises were neither open to the public nor the Defendant licensed or privileged to so enter in . . . .

The necessary elements for the crime of burglary are identified in Section 37.20 of Title 9 of the Guam Code. In pertinent part this section provides, ". . . . A person is guilty of burglary *if* he enters *or* surreptitiously remains in any motor vehicle . . . *or* vehicle, with intent to commit a crime therein." 9 GCA § 37.20 (2010). Under the above standard a careful review of Count One of the People's Indictment reveals it to be sufficient. It both lists the necessary statutory elements and contains sufficient factual information to adequately inform the Defendant and bar subsequent prosecution for the same offense. *Guam v. Jones*, 2006 Guam 13, ¶ 3. It identifies the type of property entered into, the owner of the vehicle, the date of the event and the type of crime for which intent is alleged. Further specifying information as to the manner of entry or the possible values of the items that the Defendant may have had the requisite intent to steal is otherwise best discoverable through a motion for discovery and the People required disclosures.

The Fourth Charge of the indictment provides,

### FIRST COUNT

> On or about the 28th day of October 2013, in Guam, MARK ANTHONY BRYAN did commit the offense of Child Abuse (As a 3rd Degree

Felony), in that, while having a child, namely J.I. (DOB: 03/27/08), in his care and custody, MARK ANTHONY BRYAN unreasonably caused and permitted the physical, mental, emotional health of said child to be endangered, under circumstances likely to result in death or serious bodily injury, in violation of 9 GCA §§ 31.30(a)(2)(C) and (b).

## COUNT TWO

On or about the 28th day of October 2013, in Guam, MARK ANTHONY BRYAN did commit the offense of Child Abuse (As a 3rd Degree Felony), while having a child, namely, M.I. (DOB: 03/07/11), in his care and custody, MARK ANTHONY BRYAN unreasonably caused and permitted the physical, mental, emotional health of said child to be endangered, under circumstances likely to result in death or serious bodily injury, in violation of 9 GCA §§ 31.30(a)(2)(C) and (b).

Subsections 31.30 of Title 9 of the Guam Code provide,

(a) A person is guilty of child abuse when:
. . . .
(2) having a child in his care or custody or under his control, he:
. . . .
(C) unreasonably causes or permits the physical or, emotional health of that child to be endangered.
(b) Child abuse is a felony of the third degree when it is committed under circumstances likely to result in death or serious bodily injury.

9 GCA § 31.10(a)(2)(C)(b). (2005). Defendant asserts that these charges fail to specify how the alleged acts show he knowingly subjected the child M.I. to cruel mistreatment. A review of the required elements do not reveal a *mens rea* requirement. *Id.* Absent this the Court is unable to require that such a requirement be listed or further specified in the People's indictment. *Jones*, 2006 Guam 13, ¶ 3.

## II.

Defendant also challenges the adequacy of the evidence presented to the grand jury. The Guam Code requires that a grand jury should receive only competent evidence. See 8 GCA § 50.42 (2013). Competent evidence is evidence that a reasonable person would rely upon in conducting his or her daily affairs. See *People v. Quidachay*, 815 F.2d 1311, 1313 (9th

Cir. 1987). "Dismissal of an indictment is a disfavored remedy." *People v. Palomo*, 1993 WL 129624 * 5 (D. Guam 1993) (citing United States v. Rogers, 751 F.2d 1074, 1076–1077 (9th Cir.1985)). In this case Defendant asserts that evidence presented to the grand jury was the officer's testimony of the Defendant throwing the personal property of victim from his vehicle and that this event occurred during a time period which was proximate in time to the victim's report of the unauthorized entry and theft of items in her vehicle. Mot. at 3. While circumstantial, the Court upon reviewing this averred testimony is not able to find that it was not competent. *Quidachay*, 815 F.2d at 1313.

## CONCLUSION

Based on the foregoing, Court DENIES the Defendant's Motion to Dismiss and request for a Bill of Particulars. PTC - January 28, 2014, at 10:00AM.

SO ORDERED this 23 day of January 2014.

HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

JAN 23 2014